ALMON, Justice
(concurring specially).
It is clear beyond question that the Liability Order became final under traditional, well-established principles of law. The following parties chose not to appeal from the Liability Order: then Governor of Alabama Guy *887 Hunt;[6] Speaker of the House of Representatives James Clark; then State Finance Director Robin Swift; and then Superintendent of Education Wayne Teague; and the members of the State Board of Education. It makes no legal difference to the finality of that order that other persons, who may disagree with that decision not to appeal, now hold those offices.
I also agree that the implementation of any remedy by a court should be deferred until the Legislature has had an adequate opportunity to address the matters set out in the Liability Order.
I write specially to emphasize that I express no opinion as to the merits of the Remedy Plan or as to the proper scope of any remedy order that may ultimately be entered. Although the Liability Order declaring a right to equitable and adequate funding became final without an appeal, I would look closely at the scope of any remedy order that required “adequate” funding of education and proposed judicial oversight of such a requirement. Although the Liability Order is final, any serious constitutional questions, such as a separation of powers question, could be addressed to the extent that they apply to a remedy order.

. Governor Guy Hunt publicly announced his intent not to appeal from the Liability Order. "Hunt: No appeal of school ruling,” Montgomery Advertiser, April 6, 1993, at 1A. Cited supra, 713 So.2d at 877. His successor, Governor Jim Folsom; also declined to appeal.